RECEIVED
NOV 0 7 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
NOV 0 8 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
_____ DIVISION

_____ )
Joseph P. Sizemore )
(Name of the plaintiff or plaintiffs) )
 ) CIVIL ACTION
V. )
 ) NO. 02C 8061
 ) (Case number will be supplied by the assignment clerk)
John E. Potter )
Postmaster General )  JUDGE GOTTSCHALL
United States Postal Service )
(Name of the defendant or defendants) )  MAGISTRATE JUDGE MASON

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is Joseph P. Sizemore of the county of Cook in the state of IL.
3. The defendant is John E. Potter who resides at (street address) 475 L'Enfant Plaza SW
(city) Washington (county) _____ (state) D.C. (ZIP) 20260-0080
(Defendant's telephone number) (___) - _____

4) The plaintiff sought employment or was employed by the defendant at

(street address) 13234 S. Baltimore

(city) Chicago (county) Cook (state) IL. (ZIP code) 60633

5. The plaintiff [check one box]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,
   (month) ~~Aug, Feb~~ Jun (day) ~~02~~ ~~2~~ 2, (year) 1998 ~~1999~~ ~~1997~~

7. (a) The plaintiff [check one box] ☐ *has not* filed a charge or charges against the defendant
   ☑ *has*
   asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☑ the United States Equal Employment Opportunity Commission on or about
       (month) Feb (day) 11 (year) 1998.

   (ii) ☐ the Illinois Department of Human Rights on or about
        (month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ YES ☐ NO

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

8. (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

   (b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) Oct.

(day) __4__ (year) __2002__ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [check all that apply]

   (a) ☐ Age (Age Discrimination Employment Act).

   (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (c) ☑ Disability (Americans with Disabilities Act)

   (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (e) ☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

   (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

    ☑ YES   ☐ NO

11. Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); over 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; over the A.D.E.A. by 42 U.S.C.§12117.

12. The defendant [check all that apply]

    (a) ☐    failed to hire the plaintiff.

    (b) ☑    terminated the plaintiff's employment.

    (c) ☐    failed to promote the plaintiff.

    (d) ☐    failed to reasonably accommodate the plaintiff's religion.

    (e) ☑    failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☐    other (specify):_____

_____
_____
_____
_____
_____
_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

I was disparately disciplined, denied work, and eventually terminated, all due to my job related injury, and subsequent disability. I was also threatened with physical violence

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check all that apply]

(a) ☐ Direct the defendant to hire the plaintiff.
(b) ☐ Direct the defendant to re-employ the plaintiff.
(c) ☐ Direct the defendant to promote the plaintiff.
(d) ☐ Find that the defendant failed to reasonably accommodate the plaintiff's religion.
(e) ☑ Find that the defendant failed to reasonably accommodate the plaintiff's disabilities.
(f) ☑ Direct the defendant to (specify): PAY lost wages and damages

_____
_____
_____

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature) *Joseph P. Sizemore*

(Plaintiff's name) Joseph P. Sizemore

(Plaintiff's street address) 1454 W. 72nd st.

(City) Chicago (State) IL. (ZIP) 60617

(Plaintiff's telephone number) (773) - 731-0214



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Joseph Sizemore,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
(Great Lakes Area),
Agency.

Request No. 05A20831

Appeal No. 01A11008
Agency Nos. 4J-606-0008-99; 4J-606-0117-98
Hearing Nos. 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X; 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X

## DENIAL OF REQUEST FOR RECONSIDERATION

Joseph Sizemore (complainant) timely initiated a request to the Equal Employment Opportunity Commission (EEOC or Commission) to reconsider the decision in *Joseph Sizemore v. United States Postal Service*, EEOC Appeal No. 01A11008 (April 30, 2002). EEOC Regulations provide that the Commission may, in its discretion, reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

Complainant alleged he was discriminated against on the bases of race (Black), age (D.O.B. 12/8/53), disability (herniated disc) and retaliation (prior EEO activity) when: (1) on or about August 8, 1998, his Manager (CM) refused to return a Form CA-2 to him, moved complainant's clock ring to show he was at lunch and threatened him verbally and instructed him to end his tour for the day; and (2) on or about December 3, 1998, he was not allowed to perform his successful bid position. The EEOC Administrative Judge (AJ) assigned the case held a hearing, and found after a review of the record that complainant failed to establish discrimination or retaliation. The agency's final action implemented the AJ's decision.

Complainant filed a request for reconsideration on June 15, 2002 and requested an extension of time to submit a brief. The Commission extended the deadline for submission of a brief until July 31, 2002. However, the record does not demonstrate that complainant or his representative submitted a brief demonstrating the reasons either that the appellate decision involved a clearly

erroneous interpretation of material fact or law or that the appellate decision had a substantial impact on the policies, practices, or operations of the agency.

After a review of complainant's request for reconsideration, the previous decision, and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A11008 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request for reconsideration.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

---
Carlton M. Hadden, Director
Office of Federal Operations

SEP 2 6 2002

---
Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

SEP 2 6 2002
Date

L. Duong
Equal Opportunity Assistant